UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EDDY PLACIDE )<br>)<br>    Petitioner, )<br>)<br>        v. )<br>)<br>ATTORNEY GENERAL )<br>ERIC HOLDER, et al. )<br>)<br>    Respondents. ) | Civil Action No. 15-cv-30035-MAP |

### REPORT AND RECOMMENDATION REGARDING PETITIONER'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND FURTHER RECOMMENDATION FOR SUMMARY DISMISSAL

ROBERTSON, U.S.M.J.

On March 4, 2015, petitioner Eddy Placide, a citizen of Haiti and an immigration detainee currently held at the Franklin County Jail and House of Correction in Greenfield, Massachusetts, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, as well as a Motion for Leave to Proceed In Forma Pauperis, which was referred to this court.

Petitioner states that on January 2, 2014, Immigration and Customs Enforcement ("ICE") initiated removal proceedings against him, and he was taken into ICE custody on January 27, 2014. Petitioner further represents that he was ordered removed on April 10, 2014; that the Board of Immigration Appeals dismissed his appeal on April 11, 2014; and that, on September 11, 2014, his removal order became final.[1] Therefore, according to petitioner, as of March 10, 2015, he will have been in custody for six months and it unlikely he will be removed in the reasonably foreseeable future. Petitioner, who is self-represented, now seeks immediate release under *Zadvydas v. Davis*, 533 U.S. 678 (2011).

---

[1] Petitioner also states that stays of removal have been ordered by both the U.S. District Court in the District of Connecticut and the Second Circuit Court of Appeals.

For the reasons stated below, this court recommends that petitioner's motion for leave to proceed in forma pauperis and § 2241 petition be denied without prejudice.

## I. Discussion

### A. Authority to Screen § 2241 Petition

The Rules Governing Section 2254 and 2255 Cases may be applied at the discretion of the district court to other habeas petitions. *See* Rule 1(b) of the Rules Governing Habeas Corpus Cases Under Section 2254. Under Rule 4(b), the court is required to examine a petition, and if it "plainly appears from the face of the motion . . . that the movant is not entitled to relief in the district court," the court "shall make an order for its summary dismissal." Rule 4(b) of the Rules Governing Habeas Corpus Cases Under Section 2254; *McFarland v. Scott*, 512 U.S. 849, 856 (1994) (habeas petition may be dismissed if it appear to be legally insufficient on its face). A petition for a writ of habeas corpus may also be summarily dismissed if it fails to set forth facts that give rise to a cause of action under federal law. 28 U.S.C. § 2243; *Marmol v. Dubois*, 885 F. Supp. 444, 446 (D. Mass. 1994).

### B. Petitioner's Motion to Proceed In Forma Pauperis

A party filing a habeas action in this court must either (1) pay the $5.00 filing fee for habeas corpus actions; or (2) seek leave to proceed without prepayment of the filing fee. *See* Fee Schedule for the District of Massachusetts ($5.00 fee to file writ of habeas corpus); 28 U.S.C. § 1914(a) (fees); 28 U.S.C. § 1915 (proceeding in forma pauperis). A motion for leave to proceed in forma pauperis, or to proceed without prepayment of fees, must be accompanied by "a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution." Rule 3(a) of the Rules Governing Section 2254 Cases.

Here, although petitioner has filed a completed application to proceed without prepaying fees or costs, he has failed to include a certified prison account statement in support of his motion. Thus, it is this court's recommendation that petitioner's motion to proceed in forma pauperis (Docket No. 2) be denied without prejudice. Ordinarily, a petitioner would be granted additional time to comply with this requirement, but because, for the reasons set forth below, this court recommends that the instant petition be summarily dismissed, additional time need not be granted in this instance.

C. Summary Dismissal – Ripeness of Petitioner's Claim

Petitioner alleges that his removal order became final on September 11, 2014, and that his removal has not been effectuated within the presumptively reasonable six-month period set forth in *Zadvydas*, thereby entitling him to habeas relief. According to petitioner, the six-month period will expire on March 10, 2015. This action was filed on March 4, 2015.

Section 1231 of Title 8 of the United States Code provides that the Attorney General shall remove individuals who have been ordered removed within ninety (90) days, and that he may detain such individuals during this "removal period." Immigration and Nationality Act ("INA") § 241(a)(1)(2), 8 U.S.C. § 1231(a)(1)(2). This 90-day removal period is triggered on the latest of three dates. *See* INA § 241(a)(1)(B), 8 U.S.C. § 1231(a)(1)(B). Section 1231 also provides that if removal is not effected within 90 days, a detainee may be released under supervision, *see* 8 U.S.C. § 1231(a)(3), but that certain classes of individuals, including those convicted of certain crimes, may continue to be detained after the 90-day removal period. INA § 241(6), 8 U.S.C. § 1231(a)(6).

In *Zadvydas,* the Supreme Court held that under the Due Process clause, where an alien has been detained for a post-removal period of six months pursuant to the provisions of 8 U.S.C.

§ 1231(a)(6) and provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. *Zadvydas*, 533 U.S. at 701. If a habeas court determines that removal is not "reasonably foreseeable," then it should order the alien released from custody, subject to conditions of supervised release "appropriate in the circumstances." *Id.* at 699-700. In other words, "after six months, if an individual provides good reason to believe that there is no significant likelihood of removal [in the reasonably foreseeable future], the detention is presumptively invalid and a bond hearing is required." *Reid v. Donelan*, 991 F. Supp. 2d 275, 278 (D. Mass. 2014) (internal quotation marks omitted)

Here, based on petitioner's representations, he has been held for less than six months past the date his removal order became final. Therefore, the *Zadvydas* presumptively reasonable six-month removal period has not yet expired and any possible *Zadvydas* claim is not yet ripe for review. While the court recognizes that petitioner filed this action only days before the completion of the six-month period, federal courts generally hold that the six-month post-removal period "must have expired at the time [the detainee's] 2241 petition was filed in order to state a claim under *Zadvydas*." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002); *see, e.g.*, Okpoju v. Ridge, 115 Fed. Appx. 302 (5th Cir. 2004); *Karim v. Cabral*, No. 07-10139, 2007 WL 2746797, *2 (D. Mass. Sept. 12, 2007); *Deviatyn v. Gonzales*, No. , 2007 WL 2155725, *2 (E.D. Cal. Jul. 26, 2007). Indeed, "[a] petition filed before the expiration date of the presumptively reasonable six months of detention [prescribed by Zadvydas] is properly dismissed as premature." *Keita v. Sabol*, No. 11-0248, 2011 WL 1375052, *2 (M.D. Pa. Apr. 12, 2011).

Petitioner had no colorable *Zadvydas* claim when he commenced this action, because he

4

had not been detained for more than six months after being taken into custody by ICE. Moreover, a district court is not obligated to require a respondent to answer a habeas petition if it appears from the application that the petitioner is not entitled to relief. 28 U.S.C. § 2243. Accordingly, it is this court's recommendation that the petition be dismissed as premature, regardless of whether petitioner may have a viable *Zadvydas* claim at this time.

If petitioner is being detained under § 1231(a)(6), he may bring another action if his detention continues past the six-month presumptively reasonable period and removal is still not reasonably foreseeable. If petitioner is not subject to extended detention under § 1231(a)(6), he may bring an action after the 90-day removal period authorized under 8 U.S.C. § 1231(a)(1)(2) has expired, or if is he detained under 8 U.S.C.§1226 beyond six months, he may bring an action on grounds similar to *Zadvydas*.[2] If petitioner does choose to bring another action, he should indicate whether he has submitted to the Headquarters Post-order Detention Unit of ICE a request for release under 8 C.F.R. § 241.13(d) and what action, if any, the government took on such a request or on any other request for custody review.[3]

## Conclusion

For the reasons stated, it is this court's recommendation that Petitioner's Motion for Leave to Proceed In Forma Pauperis be DENIED without prejudice and further that, his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be DISMISSED without prejudice to its

---

[2] *See Reid v. Donelan*, 22 F. Supp. 3d 84, 91 (D. Mass. 2014) (requiring class members held for over six months under § 1226(c) to be afforded the same opportunity for a bail hearing available under § 1226(a) and that in order to access relief under § 1226(a), class members bear the burden to request such hearings); *Reid v. Donelan*, 991 F. Supp. 2d at 279-282 (where detainee had been held in custody under § 1226(c) for fourteen months and was actively contesting his final removal order, his continued detention without a bond hearing was presumptively unreasonable, and the detainee was entitled to a bond hearing before an Immigration Judge or the District Court).

[3] While exhaustion of administrative remedies is not a jurisdictional prerequisite to a habeas action, a court may decline to exercise habeas jurisdiction if administrative avenues have not been exhausted. *See Kaweesa v. Ashcroft*, 345 F. Supp. 2d 79, 97-98 (D. Mass. 2004) (reviewing cases).

refiling.[4]

DATED: March 6, 2015                                               /s/ Katherine A. Robertson
                                                                                    KATHERINE A. ROBERTSON
                                                                                    United States Magistrate Judge

---

[4] The parties are advised that under the provisions of Fed. R. Civ. P. 72(b) or Fed. R. Crim. P. 59(b), any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court **within fourteen (14) days** of the party's receipt of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation. *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-79 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980). *See also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.